UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID REA and KRISTEN M. REA,

                Plaintiffs,

v.                                        Civil Case No. 12-13440
                                        Honorable Patrick J. Duggan

INDYMAC MORTGAGE SERVICES, a
division of Onewest Bank, FSB, FANNIE
MAE, and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                Defendants.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/DISMISSAL**

On July 5, 2012, Plaintiffs filed this lawsuit against Defendants in Wayne County Circuit Court, seeking to avoid their impending loss of and eviction from their home in Livonia, Michigan. The counts in Plaintiffs' Complaint bear the following headings: (I) fraud and misrepresentation; (II) breach of fiduciary duty; (III) common law rescission and/or reformation; (IV) quiet title; (V) violation of the federal Truth in Lending Act ("TILA") and Federal Reserve Regulation Z ("Regulation Z"); (VI) [federal] Credit Repair Organizations Act; (VII) Michigan Mortgage Brokers, Lenders, and Servicers Act; (VIII) injunctive relief; and (IX) equitable right of recoupment. Defendants removed Plaintiffs' Complaint to federal court on August 6, 2012. On December 28, 2012, this Court entered a Stipulated Order dismissing Quicken Loans, Inc. ("Quicken") as a defendant. (ECF No. 22.)

Presently before the Court are Plaintiffs' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and the remaining Defendants' motion to dismiss and/or for summary judgment pursuant to Federal Rules of Civil Procedure 12 and 56. Both motions were filed February 15, 2013, and have since been fully briefed. The Court held a motion hearing on May 13, 2013. For the reasons that follow, the Court denies Plaintiffs' motion and grants Defendants' motion.

## I.      Applicable Standards

### A.      Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66).

### B.    Rule 56

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary

3

judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255, 106 S. Ct. at 2513.

## II.   Factual and Procedural Background

Prior to February 18, 2006, Plaintiffs applied for a loan from Quicken Loans, Inc. ("Quicken") to refinance their property at 30690 Bobrich in Livonia, Michigan ("Property"). (Compl. ¶ 11.) The application was completed over the telephone. (*Id.*

¶ 17.)  Plaintiffs allege that they applied for a fixed rate loan and that Quicken's loan officer overstated their income on the application.  (*Id*. ¶¶ 16, 18.)

On the date they closed on the loan, February 18, 2006, Plaintiffs were presented with loan documents for an interest-only payment structure.  (*Id*. ¶ 21.)  Nevertheless, they executed the Note reflecting the loan for $243,600.00 on that date.  (Doc. 28 Ex. B.) As part of the transaction, Plaintiffs paid a loan discount fee; however they allege that they never received the benefit of the fee.  (Compl. ¶¶ 19, 20.)  On February 18, Plaintiffs also executed a security instrument granting a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Quicken and Quicken's successors and assigns.  (*Id*. Ex. C.)

The Mortgage to the Property subsequently was assigned to OneWest Bank ("OneWest") pursuant to an Assignment of Mortgage which was recorded on September 30, 2010.  (*Id*. Ex. D.)  At some point in time, OneWest also became the servicer of the Note and Mortgage.  Plaintiffs eventually defaulted on the loan– owing payments beginning May 1, 2010– and OneWest referred the loan to Trott & Trott, P.C. to initiate foreclosure by advertisement proceedings against the Property.

On September 20, 2010, Trott & Trott sent Plaintiffs a letter outlining the debt owed on the loan.  (*Id*. Ex. E.)  On the same date, Trott & Trott mailed via first class mail and certified mail with restricted delivery to Plaintiffs the housing counselor notice required under Michigan Compiled Laws Section 600.3205a.  (*Id*. Ex. F.)  The notice also was published in the Detroit Legal News on September 21, 2010.  (*Id*. Ex. G.)

On November 30, 2010, Plaintiffs met with a OneWest representative to discuss a modification of their loan. OneWest requested additional financial information from Plaintiffs in connection with a modification and sent Plaintiffs letters requesting the same. (*Id*. Ex. H.) Plaintiffs failed to provide the additional documentation and, as a result, OneWest denied their loan modification request on December 30, 2010. (*Id*.) The parties continued discussing loan modification and loss mitigation options but Trott & Trott eventually informed Plaintiffs of their ineligibility for modification on February 18, 2011. (*Id*. Ex. I.)

In accordance with Michigan's foreclosure by advertisement statute, Mich. Comp. Laws § 600.3208, notice of a foreclosure sale with respect to the Property then was posted at the Property on February 28, 2011, and published in the Detroit Legal News for four consecutive weeks beginning February 24, 2011. (*Id*. G.) The Sheriff's Sale of the Property originally was scheduled for March 24, 2011, but was subsequently adjourned on a week-to-week basis until February 16, 2012. The notices of adjournment were posted at the place of sale in compliance with Michigan Compiled Laws Section 600.3220. (*Id*. Ex. J.)

In the interim, Plaintiffs and IndyMac Mortgage Services (a division of OneWest) entered into a Conditional Forbearance Agreement on March 14, 2011, to help Plaintiffs avoid foreclosure. (*Id*. Ex. L.) Under the terms of the agreement, Plaintiffs agreed to cooperate with OneWest's requests for information and documentation to evaluate Plaintiffs for foreclosure alternatives. (*Id*.) On July 15, August 30, and September 7,

6

2011, OneWest sent letters to Plaintiffs requesting certain financial information and documents. (*Id.* Ex. M.) On October 18, 2011, OneWest spoke directly to Plaintiffs' housing counsel to request certain financial information. Plaintiffs did not respond or provide the requested financial documentation.

On February 16, 2012, a Sheriff's Sale of the Property was held. OneWest was the successful bidder at the sale with a bid of $277,316.71. The Sheriff's Deed on Mortgage Sale was recorded February 29, 2012. (*Id.* Ex. G.) OneWest subsequently transferred the Property to Fannie Mae pursuant to a Quit Claim Deed recorded April 4, 2012. (*Id.* Ex. N.) The six-month statutory redemption period for the Property expired on August 16, 2012, without redemption being made.

As indicated earlier, Plaintiffs initiated this action on July 5, 2012. Except for Count IV of the Complaint in which Plaintiffs seek to quiet title to the Property, their claims are premised on conduct relating to the origination of their mortgage loan. In other words, Plaintiffs allege that Quicken engaged in misconduct during the origination of the loan that constitutes fraud and misrepresentation (Count I), breach of fiduciary duty (Count II), justifies "rescission and/or reformation" (Count III), violations of TILA and Regulation Z (Count V), violations of the Credit Repair Organizations Act (Count VI), and violations of the Michigan Mortgage Brokers, Lenders and Servicers Act (Count VII). In support of their quiet title claim, Plaintiffs allege that Defendants failed to properly publish and post notice regarding the Sheriff's Sale and that the sale occurred without Plaintiffs' knowledge. (Compl. ¶¶ 49, 50.) In Count VIII of their Complaint,

7

Plaintiffs seek an injunction to toll the redemption period or, alternatively, to enjoin an eviction.  In Count IX, Plaintiffs seek recoupment as a set off to any claims Defendants have against them.

As also indicated earlier, Plaintiffs stipulated to the dismissal of Quicken as a defendant on December 28, 2012.

## III.   Parties' Motions

In their motion, Plaintiffs seek summary judgment with respect to their fraudulent misrepresentation claim.  They argue that the remaining Defendants (IndyMac Mortgage Services ("IndyMac"), Fannie Mae, and MERS) are liable as assignees of the mortgage for the fraud committed by Quicken during the origination of the loan and mortgage. Plaintiffs further argue that this action is a defense to the foreclosure.  Plaintiffs contend that rescission, an equitable mortgage, and equitable recoupment are the proper remedies for Defendants' fraud.

IndyMac, Fannie Mae, and MERS (hereafter collectively "Defendants") raise several arguments in support of their motion for summary judgment or dismissal.  First they argue that the foreclosure process was valid in all respects and fully complied with Michigan law.  Next they claim that Plaintiffs fail to establish a claim to quiet title.  In response to Plaintiffs' assertion that fraud in the origination is a basis to challenge the foreclosure, Defendants argue that Plaintiffs fail to plead their fraud claim with the specificity required under Federal Rule of Civil Procedure 9(b) and that a claim alleging fraudulent inducement fails in any event where, as here, a contract sets forth the parties'

duties in the relationship.  Defendants also point out that IndyMac or OneWest and MERS no longer have an interest in the Property, as it has been quit claimed to Fannie Mae, and thus Plaintiffs' quiet title claim against them lacks merit.

As to Plaintiffs' TILA and Regulation Z claim, Defendants argue that the claim is unsubstantiated and, in any event, barred by the applicable statute of limitations. Defendants assert that the "Release" clause in the Conditional Forbearance Agreement Plaintiffs signed also bars their claims.  Defendants argue that Plaintiffs' claim under the Credit Repair Organizations Act fails because Defendants are not, by definition, "credit repair organizations" and the act does not apply to the facts alleged in the Complaint. Defendants seek dismissal of Counts I, II, III, and VII for failure to state a claim against them rather than Quicken.  Because they maintain that Plaintiffs fail to state viable claims, Defendants argue that Plaintiffs' "claims" for relief (Counts VIII and IX) must also be dismissed.

## IV.     Applicable Law and Analysis

### A.     Quiet Title

Statutory law governs foreclosure sales by advertisement in Michigan, such as the sale of the subject Property.  *Conlin v. Mortg. Elec. Registration Systems, Inc.*, – F.3d – , 2013 WL 1442263, at *2 (6th Cir. April 10, 2013) (citations omitted); *see also Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993).  "While the statutory scheme provides certain steps that the mortgagee must go through in order to validly foreclose, . . . it also controls the rights of both the mortgagee and the mortgagor

9

once the sale is completed." *Conlin*, 2013 WL 1442263, at *2 (citations omitted).

Pursuant to the statute, once a foreclosure sale has taken place, the mortgagor has six

months to redeem the foreclosed property.  Mich. Comp. Laws § 600.3240(8).  If no

redemption is made by the time the redemption period lapses, the mortgagor's "right,

title, and interest in and to the property" are extinguished.  *Id*. § 600.3236; *see also*

*Conlin*, 2013 WL 1442263, at *2 (citing *Piotrowski v. State Land Office Bd.*, 302 Mich.

179, 187, 4 N.W.2d 514, 517 (Mich. 1942)).

Michigan's foreclosure-by-advertisement scheme was designed to "impose order

on the foreclosure process while still giving security and finality to purchasers of

foreclosed properties." *Conlin*, at *3 (citations omitted).  To effectuate the latter priority,

the ability for a court to set aside a foreclosure sale is "drastically circumscribed." *Id*.

(citing *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (1969)

and *Senters*, 443 Mich. at 54, 503 N.W.2d at 643).  Once the statutory redemption period

has expired, a court may set aside a sheriff's sale only where the mortgagor makes "a

clear showing of fraud, or irregularity." *Id*. (citing *Schulthies*, 16 Mich. App. at 247-48,

167 N.W. at 49); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d

46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice

is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich.

at 55, 503 N.W.2d at 643).  Notably, the purported fraud or irregularity must relate to the

foreclosure process itself. *Conlin*, at *3 (citing *Freeman*, 241 Mich. App. at 636-38, 617

N.W.2d at 49); *see also Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935)

10

(holding that only the foreclosure proceeding may be challenged after a sale).

The redemption period expired with respect to the subject Property on August 16, 2012. Plaintiffs' filing of this lawsuit did not toll the redemption period.[1] *Conlin*, 2013 WL 1442263, at *3 (indicating that "the filing of a lawsuit is insufficient to toll the redemption period") (internal quotation marks and citation omitted). Thus Plaintiffs must "make[] a clear showing of fraud, or irregularity" in the foreclosure proceeding to set aside the sheriff's sale or to present a valid defense to any action brought to evict them from the Property. The only irregularity with respect to the foreclosure process itself alleged in Plaintiffs' Complaint is their claim that Defendants failed to properly publish and post the sale, thus depriving Plaintiffs of notice. (Compl. ¶¶ 48-50.) Defendants, however, present evidence showing that notice of the sale in fact was made in accordance with the foreclosure-by-advertisement statute. Plaintiffs present no evidence to demonstrate otherwise.

Moreover, the Michigan Supreme Court recently "made clear that [the] failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void *ab initio*) but merely voidable." *Conlin*, 2013 WL 1442263, at *4 (citing *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 114-15, 825 N.W.2d 329, 336-37 (2012)). Thus Plaintiffs must show that the alleged defect caused them prejudice. *Id.* " 'When 'the mortgagor would have been in no better

---

[1] Plaintiffs' request for an order tolling the redemption period in Count VIII of their Complaint therefore is moot.

position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property,' courts uphold a completed foreclosure sale.' " *Id.* (quoting *Lessl v. CitiMortgage, Inc.*, No. 11-2285, 2013 WL 610904, at *1 (6th Cir. Feb. 19, 2013) (quoting *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 162 Mich. App. 750, 756, 413 N.W.2d 99, 101 (1987))).  The evidence presented here shows clearly that Plaintiffs received notice of the foreclosure sale– even if notice was not in accordance with the foreclosure-by-advertisement statute– and that Plaintiffs were provided several opportunities to work with Defendants to modify the loan and avoid foreclosure.

For these reasons, Defendants are entitled to summary judgment with respect to Plaintiffs' quiet title claim (Count IV).  Moreover, to the extent Plaintiffs ask the Court to set aside the foreclosure sale or mortgage or reform the mortgage, they are not entitled to such relief.  Once the redemption period expired, Plaintiffs' right, title, and interest to the Property was extinguished and therefore, so too, was the mortgage.

### A.    Claims Related to the Origination of Plaintiffs' Loan and Mortgage

Plaintiffs' remaining claims– Counts I through III, V, VI, and VII of their Complaint– are based on Quicken's alleged misconduct during the origination process. In those counts, Plaintiffs allege that Quicken engaged in fraud or misconduct during the origination process that constituted a breach of its fiduciary duties and a violation of federal and state law.  Quicken has been dismissed from this lawsuit and Plaintiffs' apparent attempt to hold IndyMac, OneWest, Fannie Mae, and/or MERS liable for the

alleged misconduct fails. *See Warner v. Fed. Home Loan Mortg. Corp.*, No. 12-15185, 2013 WL 1281932, at *5 (E.D. Mich. Mar. 26, 2013) (unpublished) (citing *Stacey v. Vista Mortg. Corp.*, No. 10-13769, 2011 WL 6650598, at *3 (E.D. Mich. Dec. 21, 2011) (unpublished) (citing *Swarich v. OneWest Bank, FSB*, No. 09-13346, 2009 WL 4041947, at *4 (E.D. Mich. Nov. 20, 2009) (unpublished) (granting the defendant's motion to dismiss because the alleged misrepresentations were made by an employee of the original lender, not an employee of the defendant company which was the current holder of the mortgage)); *see also Chowdhury v. Aegis Mortg. Corp.*, No. 09-11221, 2009 WL 3270090, at * (E.D. Mich. Oct. 9, 2009) (citing *Stoudt v. Alta Fin. Mortg.*, No. 08-2643, 2009 WL 661924 (E.D. Pa. Mar. 10, 2009) (dismissing fraud claims against mortgage assignee where assignee took no part in the solicitation, closing, or marketing on the mortgage loan and citing numerous cases in agreement)).

In short, because Plaintiffs do not allege misconduct on the part of any defendant but Quicken to support their claims of fraud (Count I), breach of fiduciary duty (Count II), violation of TILA or Regulation Z (Count V), violation of the Credit Repair Organizations Act (Count VI), or the Michigan Mortgage Brokers, Lenders, and Servicers Act (Count VII), Defendants are entitled to dismissal of those claims.[2]  Plaintiffs' counts seeking relief for those alleged violations (rescission and/or reformation in Count III and equitable right of recoupment in Count IX) are therefore also subject to dismissal.

---

[2]The Court therefore finds it unnecessary to address the additional arguments Defendants assert in support of their motion which notably have merit.

13

V.      **Conclusion**

Plaintiffs filed this lawsuit essentially as a defense to the forthcoming proceeding to evict them from their home following the foreclosure of their property in Livonia, Michigan.  Plaintiffs fail to demonstrate fraud or irregularity in the foreclosure proceeding itself to set aside the Sheriff's Sale and resulting Sheriff's Deed and thus to avoid their eventual eviction from the Property.  Their quiet title claim accordingly fails. Plaintiffs fail to assert facts to support their remaining claims against any defendant except possibly Quicken, but Quicken no longer is a party to this lawsuit.  As such, Plaintiffs' remaining claims must be dismissed.  Because Plaintiffs fail to state a viable cause of action against Defendants, they are not entitled to the relief asserted as "counts" in their Complaint.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for summary judgment (ECF No. 26) is **DENIED**;

**IT IS FURTHER ORDERED**, that the motion for summary judgment and/or dismissal filed by Defendants OneWest Bank, FSB, Fannie Mae, and Mortgage Electronic Registration Systems, Inc. (ECF No. 28) is **GRANTED**.

Dated: May 22, 2013                          s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
John R. Badeen, Esq.
Joseph M. West, Esq.
Parisa Ghazaeri, Esq.

14